LIBERTY PLUMBING SUPPLY COMPANY *v.*
PAUL S. YONEY, INC.
(14470)

Lavery, Schaller and Stoughton, Js.

Argued February 21—officially released June 4, 1996

*Kevin A. Coles*, for the appellant (defendant).

*Edward F. Kunin*, for the appellee (plaintiff).

STOUGHTON, J. The defendant appeals from the trial court's judgment rendered on the report of an attorney trial referee.[1] The dispositive issue is whether the trial court properly determined that the attorney trial referee was authorized to rule on the plaintiff's motion to amend its complaint.

The following facts were found by the attorney trial referee and accepted by the court. The defendant has been a Connecticut corporation since 1927 and its principal office is located in Bridgeport. The defendant's president, Gerald Yoney, is also president of Consolidated Equities, Inc., a Delaware corporation. From time to time, the plaintiff sold materials and supplies to the defendant for which the defendant gave to the plaintiff purchase orders inscribed with the name "Paul S. Yoney, Inc." On August 25, 1993, the plaintiff instituted suit against the defendant to recover $109,086, the value of those supplies for which the plaintiff had not received payment.

---

[1] The plaintiff initially filed a three count complaint. A fourth count was added on the day of trial before the attorney trial referee. The first count alleged a breach of contract; the second sought the reasonable value of the materials sold to the defendant; the third sought recovery under a theory of unjust enrichment; the fourth alleged that the defendant violated the Connecticut Unfair Trade Practices Act. Judgment was rendered on counts one and four, but no mention was made regarding counts two and three. Counts one, two and three, however, present mutually exclusive theories of relief. Because the trial court rendered judgment in favor of the plaintiff on count one, the trial court implicitly found in favor of the defendant as to counts two and three. Therefore, we treat the matter as an appealable final judgment.

The trial court referred the case to an attorney trial referee appointed pursuant to General Statutes § 52-434 (a) (4).[2] Several weeks before the case was heard by the attorney trial referee, counsel for the defendant notified the plaintiff that the plaintiff was suing the wrong corporation. The defendant asserted that Consolidated Equities, Inc., was the true debtor. Gerald Yoney claimed that he had merged the original Paul S. Yoney, Inc., into Consolidated Equities Inc., in 1983 and then formed a new Paul S. Yoney, Inc., which never conducted any business.

The attorney trial referee heard the case on April 8, 1994. On the basis of the evidence presented at trial, and over the objection of the defendant, the attorney trial referee granted the plaintiff's motion to amend its complaint to include a claim under the Connecticut Unfair Trade Practice Act (CUTPA), General Statutes § 42-110a et seq. On July 11, 1994, the attorney trial referee issued a report of her findings of fact and a memorandum of decision that recommended judgment for the plaintiff. She found that the defendant owed the plaintiff $109,086 for the materials as well as $16,362.90 in punitive damages allowable under CUTPA. In the attorney trial referee's response to the defendant's motion to correct, the attorney trial referee specified that the compensatory damages were awarded under the breach of contract claim[3] and affirmed the CUTPA

[2] General Statutes § 52-434 (a) (4) provides: "In addition to the state referees who are appointed pursuant to subdivision (1), (2) or (3) of this section, the chief justice may appoint, from qualified members of the bar of the state, who are electors and residents of this state, as many state referees as he may from time to time deem advisable or necessary. No appointment of a member of the bar may be for a term of more than one year. Notwithstanding the provisions of subsection (f) of this section, state referees appointed by the chief justice from members of the bar shall receive such reasonable compensation and expenses as may be determined by the chief justice."

[3] See footnote 1.

punitive damage award. The defendant objected to the acceptance of the trial referee's report. Among its objections, the defendant claimed that the attorney trial referee's granting of the plaintiff's motion to amend its complaint violated Practice Book § 433.[4] The trial court overruled the defendant's objections to the report and rendered judgment for the plaintiff in accordance with the attorney trial referee's report. This appeal followed.

The defendant claims that the attorney trial referee did not have the authority to rule on the plaintiff's motion to amend its complaint. We agree and reverse the decision of the trial court.

The limited role and function of an attorney trial referee was discussed in *Seal Audio, Inc.* v. *Bozak, Inc.*, 199 Conn. 496, 508 A.2d 415 (1986). An attorney trial referee does not exercise the powers of a court and is simply a fact finder. Id., 502. This court has previously observed that under Practice Book § 433, once the pleadings have been closed and the case referred to an attorney trial referee, no further pleadings may be filed except by agreement of all parties or order of the court. *State Bank of Westchester* v. *New Dimension Homes of Connecticut, Inc.*, 38 Conn. App. 491, 496–98, 661 A.2d 119 (1995). An attorney trial referee cannot make a legal determination regarding the merits of a contested motion to amend pleadings, and the trial court improperly ruled otherwise. Id., 498.

Because we determine that the attorney trial referee had no authority to rule on the motion to amend the complaint, we do not address the defendant's other claims, which also address the fourth count.

---

[4] Practice Book § 433 provides: "No case shall be referred to a committee until the issues are closed and a trial list claim filed. Thereafter no pleadings may be filed except by agreement of all parties or order of the court. Such pleadings shall be filed with the clerk and by him transmitted to the committee."

The judgment is reversed and the case is remanded to the trial court with direction to reject the report of the attorney trial referee and to order further proceedings pursuant to Practice Book § 443.[5]

In this opinion the other judges concurred.

---

[5] Practice Book § 443 provides in pertinent part: "The court shall render such judgment as the law requires upon the facts in the report as it may be corrected. If the court finds that the [attorney trial referee] has materially erred in his rulings or that by reason of material corrections in his findings the basis of the report is subverted or that there are other sufficient reasons why the report should not be accepted, the court shall reject the report and refer the matter to the same or another committee for a new trial or revoke the reference and leave the case to be disposed of in court. . . ."