KYLE D. PITTS ET AL. *v.* JOAO M. DECOSTA
(AC 24862)

Dranginis, Bishop and Mihalakos, Js.

Argued November 29, 2004—officially released February 22, 2005

*William F. Gallagher,* with whom, on the brief, was *Hugh D. Hughes,* for the appellants (plaintiffs).

*David S. Monastersky,* with whom, on the brief, was *Daniel C. DeMerchant,* for the appellee (defendant).

*Opinion*

MIHALAKOS, J. The plaintiff Kyle D. Pitts[1] appeals from the judgment in favor of the defendant, Joao M. DeCosta, that was rendered by the trial court on a verdict that was directed in the defendant's favor. Specifically, Pitts argues that the court improperly denied his request to amend the substitute complaint to add an additional claim based on strict liability pursuant to General Statutes § 29-402 (c) (2).[2] The defendant

---

[1] Kimberly Kelly and the administrator of Robert Lizotte's estate were also plaintiffs in the trial court and purportedly joined the appeal. Because they did not offer the proposed amendment at issue in this appeal, they are not aggrieved by the denial of the request to amend, which is the only ruling challenged on appeal. The appeal, therefore, is dismissed as to those plaintiffs.

[2] General Statutes (Rev. to 2003) § 29-402 (c) (2) provides in relevant part: "The [certificate of registration for demolition business requirement] of this section shall not apply to . . . the demolition of a single-family residence or out building by an owner of such structure if it does not exceed a height of thirty feet, provided the owner shall be present on site while such demolition work is in progress, shall be held personally liable for any injury to individuals or damage to public or private property caused by such demolition, and provided further such demolition shall be permitted only with respect to buildings which have clearance from other structures, roads or highways equal to or greater than the height of the structure subject to

maintains that the court did not abuse its discretion in denying the amendment and suggests three alternate grounds for affirming the judgment, namely, that (1) the proposed amendment was barred by the statute of limitations, (2) the proposed cause of action, founded on § 29-402 (c) (2), is not applicable to the facts of this case and (3) the proposed amendment is barred by General Statutes § 52-592.[3] We affirm the judgment of the trial court.

The following facts are relevant to the resolution of this appeal. In 1997, the defendant owned a three-family house in Hartford. A three car garage, which was in disrepair and had a sagging roof, was located next to the residence. In April, 1997, the defendant decided to demolish the twenty foot high garage and made an agreement with Robert Lizotte regarding the demolition. The defendant agreed to pay Lizotte $500 to demolish the garage. Lizotte hired Pitts, Kimberly Kelly and three other workmen.

On April 9, 1997, the demolition began. The workers first removed the clapboards from the garage. Shortly thereafter, Pitts entered the garage and hit the middle beam with a sledgehammer. Almost immediately, the structure made a groaning noise and the roof of the garage began to collapse. Both Pitts and Lizotte were injured when the garage collapsed on them. Kelly allegedly injured her back using a jack to lift the garage to free Lizotte.

The plaintiffs commenced a lawsuit against the defendant by a complaint dated April 2, 1999. The complaint

demolition. The local building official may require additional clearance when deemed necessary for safety."

[3] General Statutes § 52-592 (a) provides in relevant part: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because . . . a judgment of nonsuit has been rendered . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment."

alleged that the defendant was liable for common-law negligence. A judgment of nonsuit, however, was entered against Pitts in February, 2000.[4] On February 16, 2001, the plaintiffs filed a second lawsuit identical to the first[5] pursuant to the accidental failure of suit statute.[6] A substitute complaint filed on September 11, 2003, removed certain elements of damages, but the action remained essentially the same.

On September 15, 2003, before the start of the evidence, the plaintiffs requested a jury instruction on § 29-402 (c) (2). The court refused to charge on this statute, stating that it was too late to interject the statutory claim into the proceeding. On September 16, 2003, evidence in the jury trial began. The plaintiffs rested their case on September 17, 2003, and the defendant proceeded with his case after moving for a directed verdict. The defendant rested his case that same day.

The defendant's motion for a directed verdict was argued on September 18, 2003. At the hearing, Pitts requested permission to amend the substitute complaint and filed the proposed amendment. The court denied his request to amend and granted the defendant's motion for a directed verdict because there was no evidence of causation or specific defect in the building of which the defendant had any knowledge. On September 24, 2003, the plaintiffs filed a motion to set aside the directed verdict, which the court denied. This appeal followed. Additional facts will be set forth as necessary.

Pitts contends that the court abused its discretion in denying his request to amend the substitute complaint to add a statutory cause of action. He asserts that the

[4] A judgment of nonsuit was also entered against Lizotte in February, 2000. A judgment of nonsuit was entered against Kelly in March, 2000.

[5] Lizotte had died in October, 2000, and the administrator of his estate was named as a plaintiff in the second action.

[6] See footnote 3.

amendment would not have prejudiced the defendant, nor would it have delayed the trial or misled the parties. Instead, Pitts suggests that permitting the amendment would have enforced Connecticut public policy of imposing liability on owners who fail to hire registered demolition contractors. He also contends that the proposed amendment did not constitute a new cause of action. We disagree and affirm the judgment of the court.

"The law is well-settled that belated amendments to the pleadings rest in the sound discretion of the trial court." *Conference Center Ltd.* v. *TRC*, 189 Conn. 212, 216, 455 A.2d 857 (1983). "While our courts have been liberal in permitting amendments . . . this liberality has limitations. Amendments should be made seasonably. Factors to be considered in passing on a motion to amend are the length of the delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment. . . . The motion to amend is addressed to the trial court's discretion which may be exercised to restrain the amendment of pleadings so far as necessary to prevent unreasonable delay of the trial." (Citations omitted; internal quotation marks omitted.) *Beckman* v. *Jalich Homes, Inc.*, 190 Conn. 299, 302–303, 460 A.2d 488 (1983). "On rare occasions, this court has found an abuse of discretion by the trial court in determining whether an amendment should be permitted . . . but we have never found an abuse of discretion in denying an amendment on the eve of trial, long after the conclusion of pretrial proceedings." (Citations omitted.) *Lawson* v. *Godfried*, 181 Conn. 214, 216, 435 A.2d 15 (1980).

In this case, the court ruled that "it was a little bit late in the game" to inject a relatively complex permit issue into the case. Moreover, the court explained that there was no mention of this issue until the plaintiffs filed a request to charge shortly before trial. Even

though the plaintiffs filed a substitute complaint as late as September 11, 2003, it did not include the statutory claim. Pitts waited until after he and the other the plaintiffs had presented their evidence before requesting the amendment. In addition, the court stated, "I do think filing an amended complaint at this time alleging a different cause of action could . . . give a whole new meaning [to] conforming the pleadings to the proof. I mean, ordinarily, conforming the pleadings to the proof [are] things like . . . [the] color of a car was wrong, the date was off by a day or your right knee instead of your left knee, things like that. So, I do have to deny the request to file a substituted complaint for a couple of more causes of action after the conclusion of evidence." The court then noted that the cause of action alleged in the proposed amendment might not have applied to the facts of this case. The court suggested that the additional discovery and research should have been done before the trial began.

We agree with the court and conclude that the court did not abuse its discretion. In this case, the event that caused the harm occurred in 1997. The trial did not begin until 2003 as a result of several delays and judgments of nonsuit having been entered against each plaintiff in the case. Pitts and the other plaintiffs already had finished presenting their evidence when Pitts attempted to amend the substitute complaint. Raising a new issue and adding a new claim in the middle of the trial likely would have prolonged the trial. Furthermore, as the court pointed out, it is unclear whether the statute would even apply to the defendant, an issue necessitating additional evidence and research. We conclude, therefore, that the denial of the request to amend the complaint was not an abuse of discretion.

The judgment is affirmed.

In this opinion the other judges concurred.