JAMES RUGGIERO *v.* JOSEPH PELLICCI ET AL.
(SC 18399)

Norcott, Katz, Palmer, Vertefeuille, Zarella and McLachlan, Js.

Argued December 10, 2009—officially released January 19, 2010

*Philip Russell*, with whom was *Christopher W. Caldwell*, for the appellants (defendants).

*Michael C. Jankovsky*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. After the named defendant, Joseph Pellicci, and the defendant, Ann Pellicci, defaulted on a $250,000 promissory note secured by a mortgage on real property located at 296 Glenbrook Road in Stamford (property), the plaintiff, James Ruggiero, brought this foreclosure action, seeking, inter alia, immediate possession of the property, a deficiency judgment, attorney's fees and costs. After the trial court, *Jennings, J.*, referred this matter to an attorney trial referee, Alfred H. Hoddinott, Jr. (referee), the court, *Downey, J.*, subsequently accepted the referee's reports and rendered a judgment for the plaintiff of strict foreclosure and a deficiency judgment. On appeal,[1] the defendants con-

---

[1] The defendants appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

tend, inter alia, that Judge Downey improperly accepted the report because the referee had abused his discretion in denying the defendants' motion for permission to amend their various counterclaims and special defenses. We affirm the judgment of the trial court.

The record reveals the following relevant facts and procedural history. In April, 2003, the named defendant and the plaintiff entered into an agreement wherein the plaintiff would sell his produce delivery business to the named defendant for a total sale price of $350,000. Of that $350,000, the named defendant paid $100,000 in cash and executed a promissory note, cosigned by Ann Pellicci, in the amount of $250,000, to be secured by a mortgage on the property.[2] Because the defendants had failed to make any monthly payments under the note, the plaintiff accelerated the debt pursuant to the note and brought this foreclosure action.

The defendants then filed an answer denying the plaintiff's claims, along with numerous special defenses and counterclaims based on allegations that the plaintiff had made misrepresentations to, and taken advantage of, the named defendant in connection with the sale of the business, namely, innocent misrepresentation, intentional misrepresentation, unconscionability, duress and unclean hands. In their special defenses, the defendants sought to preclude the plaintiff from recovering, particularly on his equitable claims; in their counterclaims, the defendants sought money damages, punitive damages, interest, costs, attorney's fees and "[s]uch other . . . relief [that] the [c]ourt deems just and proper."

Subsequently, Judge Jennings referred the case to the referee for trial, which commenced on January 31, 2007, and did not conclude until May 24, 2007. While the trial proceedings were pending before the referee,

---

[2] The $250,000 was a no interest loan payable in monthly installments of $3000 over 7 years from the date the note was executed.

the defendants moved pursuant to Practice Book § 10-60 (a) (3)[3] for permission to amend their counterclaims to include a claim for unjust enrichment, and for additional relief, including a prejudgment remedy of attachment of the plaintiff's assets and rescission of the sale of the business, the note and the mortgage deed. The plaintiff objected to the motion. On July 17, 2007, after the trial had concluded, Judge Jennings granted the defendants' request for permission to amend and overruled the plaintiff's objection thereto. Shortly thereafter, the plaintiff moved for reargument and reconsideration of that decision. In a memorandum of decision, Judge Jennings granted the plaintiff's motion and reconsidered his prior ruling, concluding instead that the defendants' motion for permission to amend should have been addressed, in the first instance, by the referee. In vacating his prior decision to the contrary, Judge Jennings concluded that the referee had authority to consider the motion to amend because of amendments to Practice Book § 19-7[4] made subsequent

---

[3] Practice Book § 10-60 (a) provides in relevant part: "Except as provided in Section 10-66, a party may amend his or her pleadings or other parts of the record or proceedings at any time subsequent to that stated in the preceding section in the following manner . . .

"(3) By filing a request for leave to file such amendment, with the amendment appended, after service upon each party as provided by Sections 10-12 through 10-17, and with proof of service endorsed thereon. If no objection thereto has been filed by any party within fifteen days from the date of the filing of said request, the amendment shall be deemed to have been filed by consent of the adverse party. If an opposing party shall have objection to any part of such request or the amendment appended thereto, such objection in writing specifying the particular paragraph or paragraphs to which there is objection and the reasons therefor, shall, after service upon each party as provided by Sections 10-12 through 10-17 and with proof of service endorsed thereon, be filed with the clerk within the time specified above and placed upon the next short calendar list."

[4] Practice Book § 19-7 provides: "No case shall be referred to a committee or attorney trial referee until the issues are closed and a certification to that effect has been filed pursuant to Section 14-8. *Thereafter no pleadings may be filed except by agreement of all parties or order of the court or the attorney trial referee.* Such pleadings shall be filed with the clerk and a copy filed with the committee or the attorney trial referee." (Emphasis added.)

to *State Bank of Westchester* v. *New Dimension Homes of Connecticut, Inc.*, 38 Conn. App. 491, 498, 661 A.2d 119 (1995), wherein the Appellate Court had concluded that, under then Practice Book § 433, the predecessor to § 19-7, "[t]he attorney trial referee cannot . . . make a legal determination regarding the merits of a contested motion to amend pleadings . . . ." See also *Liberty Plumbing Supply Co.* v. *Paul S. Yoney, Inc.*, 41 Conn. App. 594, 597, 677 A.2d 13 (1996) (same). Thus, Judge Jennings remanded the motion for the referee to rule on as a posttrial matter.

On remand, the referee denied the motion for permission to amend the counterclaims, calling it "inescapable that the defendants, fully aware of a cause of action for unjust enrichment and the availability of rescission as a remedy, consciously, deliberately and intentionally abandoned them. Certainly the plaintiff would have been justified in concluding that in preparing his case." The referee further noted that, even if their failure was not intentional, the defendants had offered no justification for their delay or gross negligence in moving to amend the complaint. The referee considered granting the motion to amend to be "severely" prejudicial to the plaintiff, noting that the defendants did not add these claims until after the completion of discovery and after the plaintiff had finished presenting his case at trial. The referee also reasoned that granting the motion to amend would require granting the plaintiff the right to reopen the trial, and possibly discovery, and could cause "enormous delay to the conclusion of this case."

The referee then issued a report that recommended finding for the plaintiff, and concluded that the defendants had failed to prove their special defenses and counterclaims. In a supplemental report, the referee found that the debt owed the plaintiff was $294,810, and recommended judgment of strict foreclosure and

a deficiency judgment of $15,765.99 in favor of the plaintiff.

Thereafter, the defendants filed an objection to the referee's reports, contending that: (1) Judge Jennings impermissibly had delegated his judicial authority by instructing the referee to rule on the motion to amend, which is a question of law; (2) the referee had no authority to rule on the attorney's fees issue; and (3) the referee improperly found the plaintiff to be a credible witness. The plaintiff opposed the defendants' objection and moved for judgment in accordance with the referee's reports. The trial court, *Downey, J.*, accepted the referee's reports and rendered a judgment of strict foreclosure and a deficiency judgment in favor of the plaintiff in accordance with the referee's reports. This appeal followed. See footnote 1 of this opinion.

On appeal, the defendants contend that the trial court improperly accepted the referee's reports because the referee had abused his discretion in denying the defendants' motion for permission to amend their counterclaims, because: (1) the law of the case doctrine obligated the referee to grant the motion since the trial court already had granted that same relief; and (2) the plaintiff would not have been prejudiced by the granting of the motion since no additional evidence was necessary, and the motion was made to conform the pleadings to the facts adduced during the trial. Our review of the trial court's decision to render judgment in accordance with the report of the referee is plenary. See *Hees* v. *Burke Construction, Inc.*, 290 Conn. 1, 6–7, 961 A.2d 373 (2009).

Inasmuch as the defendants do not contend on appeal that the referee lacked the legal authority under Practice Book § 19-7; see footnote 4 of this opinion; to consider their motion for permission to amend, we agree with the parties that we review the referee's decision

on that motion for abuse of discretion. See, e.g., *New Hartford* v. *Connecticut Resources Recovery Authority*, 291 Conn. 433, 482, 970 A.2d 592 (2009) ("Whether to allow a party to amend its complaint is a matter left to the sound discretion of the trial court. This court will not disturb a trial court's ruling on a proposed amendment unless there has been a clear abuse of that discretion." [Internal quotation marks omitted.]); cf. *Moraski* v. *Connecticut Board of Examiners of Embalmers & Funeral Directors*, 291 Conn. 242, 259–60, 967 A.2d 1199 (2009) (applying abuse of discretion standard to administrative agency's decision to permit department of public health to amend its statement of charges filed against licensed embalmer and funeral home). "[F]actors to be considered in passing on a motion to amend are the length of the delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment." (Internal quotation marks omitted.) Id., 260.

Having reviewed the record and the parties' arguments, we conclude that the referee did not abuse his discretion by denying the defendants' motion for permission to amend their counterclaims. First, we note specifically our disagreement with the defendants' contention that the law of the case doctrine; see, e.g., *Johnson* v. *Atkinson*, 283 Conn. 243, 249–50, 926 A.2d 656 (2007), overruled in part on other grounds by *Jaiguay* v. *Vasquez*, 287 Conn. 323, 348, 948 A.2d 955 (2008); required the referee to grant the motion to amend, based on Judge Jennings' previous grant of that same motion. Judge Jennings rendered that initial decision devoid of legal effect when he vacated it in his subsequent ruling granting the plaintiff's motion for reargument and reconsideration in light of the revisions to Practice Book § 19-7. Thus, after Judge Jennings vacated his initial decision and remanded the motion to the referee, the referee was free to exercise his discretion from

the perspective of the decision maker who had been charged with the responsibility for trying the case.

Given the referee's intimate familiarity with this matter, and his detailed analysis of the defendants' motion for permission to amend their counterclaims and special defenses filed after the commencement of trial and, indeed, after the plaintiff had presented his case, we further conclude that the referee's denial of that motion was not an abuse of his discretion. See *Pitts* v. *DeCosta*, 87 Conn. App. 605, 609–10, 867 A.2d 66 (2005) (trial court did not abuse discretion in denying plaintiff's request, filed after presentation of his case at trial, to amend complaint to assert different cause of action); see also, e.g., *Rizzuto* v. *Davidson Ladders, Inc.*, 280 Conn. 225, 257–58, 905 A.2d 1165 (2006) (citing cases and concluding that trial court properly denied as untimely request to file amended complaint when operative facts had been known since 1999, but request was not made until 2002). Accordingly, we conclude that the trial court properly accepted and rendered judgment in accordance with the referee's reports.[5]

The judgment is affirmed.

---

[5] We note that the defendants also contend that the trial court improperly accepted the referee's report without first ensuring that his findings and conclusions were legally and logically correct. The defendants further claim that the trial court failed to balance the equities properly prior to rendering judgment in this foreclosure action. This section of the defendants' brief is limited, though, to abstract black letter principles of law, without any attempt to apply them to the record in the present case. This claim is, therefore, inadequately briefed, and we decline to review it. See, e.g., *Connecticut Coalition Against Millstone* v. *Connecticut Siting Council*, 286 Conn. 57, 87, 942 A.2d 345 (2008) ("mere conclusory assertions regarding a claim, with no mention of relevant authority and minimal or no citations from the record, will not suffice").