DAVID M. POIROT *v.* ELOISE MARINOS,
ADMINISTRATRIX (ESTATE OF
STEVEN F. MEO)
(AC 31408)

Robinson, Alvord and Pellegrino, Js.

Argued June 2—officially released August 31, 2010

*John R. Williams*, for the appellant (named defendant).

*David M. Poirot*, for the appellee (plaintiff).

*Gordon S. Johnson, Jr.*, pro hac vice, for the appellee (defendant).

*Opinion*

PER CURIAM. This case arises from a dispute over the appropriate distribution of approximately $230,000 in attorney's fees generated on a contingency basis from two personal injury actions. The defendant Eloise Marinos, administratrix of the estate of Steven F. Meo,[1] appeals from the judgment of interpleader rendered by the trial court. She claims that the distribution of fees ordered by the court was an abuse of discretion. We disagree and affirm the judgment of the trial court.

The following facts and procedural history are relevant to Marinos' appeal. In 2004, Marinos' husband, attorney Steven F. Meo, and the defendant, attorney Gordon S. Johnson, Jr., were retained to represent Christopher Higbie and Thomas DeWolfe in two personal injury actions involving traumatic brain injuries.[2] Meo and Johnson were assisted in their representation of Higbie and DeWolfe by the plaintiff, attorney David

---

[1] There are two defendants in this action. For clarity, we refer to all parties by name.

[2] Johnson is a Wisconsin attorney who specializes in traumatic brain injury litigation.

M. Poirot, who was Meo's associate. On April 25, 2006, prior to the conclusion of either case, Meo died. On April 28, 2006, Poirot terminated his employment with the Law Office of Steven F. Meo.[3] Thereafter, Higbie and DeWolfe retained Johnson and Poirot to handle their cases. The Higbie case was settled in November, 2007, and the DeWolfe case was settled in February, 2008. Together, the contingent attorney's fee was $231,868.05.[4]

The parties could not agree on how the fees should be distributed, and, on October 31, 2008, by an amended bill of interpleader, Poirot sought a court order dividing the escrowed funds. Following a trial on March 31, 2009, the court concluded that Johnson was entitled to two-thirds of the contingent fee in each case pursuant to an agreement he had with Meo and that the remaining one-third fee derived from each case should be apportioned between Meo's estate and Poirot according to the work performed by each attorney in each case. See *Cole* v. *Myers*, 128 Conn. 223, 230, 21 A.2d 396 (1941) (attorney working on contingency basis who is discharged entitled to reasonable compensation for work done up to date of discharge). The court included the work performed by Poirot, while he was Meo's associate, in its calculation of Meo's contribution to each case. With respect to the DeWolfe case, the court found that Meo's "contributions to the eventual result were considerable but [that] . . . Poirot handled some of the most important aspects of the case involving defense experts and also did considerable post-settlement work . . . ." The court concluded that both attorneys made equal

---

[3] Meo was the sole proprietor of the Law Office of Steven F. Meo. Poirot was an associate with the firm for twelve years and, at the time Meo died, was the only other attorney practicing with the firm. The firm closed shortly after Meo's death.

[4] On August 6, 2007, the court rendered an interlocutory judgment of interpleader, and the disputed funds were placed in an interest bearing account pending the resolution of the dispute.

contributions and divided the DeWolfe fee equally between them. With respect to the Higbie case, the court found that both attorneys made substantial contributions to the result but that Meo "was responsible for finding other potentially responsible parties who contributed substantially to a settlement which was more than four times greater than appeared possible when he took over the matter." The court awarded 55 percent of the remaining one-third fee from the Higbie case to the estate and 45 percent to Poirot.

Marinos raises two claims on appeal. She first challenges the court's division of fees between the estate and Poirot after Meo's death as "simply irrational and amount[ing] to a confiscation . . . ." She appears to argue that Poirot was entitled only to a portion of Johnson's two-thirds fee. She does not cite, however, any evidence or law to support her claim. As a result, the claim is briefed inadequately; see *Ruggiero* v. *Pellicci*, 294 Conn. 473, 481 n.5, 987 A.2d 339 (2010); and we decline to afford it review. Next, Marinos argues that the court's distribution of two-thirds of the fees generated in each case to Johnson was an abuse of discretion. We disagree.

There was no written fee agreement between Meo and Johnson with respect to either case. Marinos testified that Meo and Johnson had not agreed to a specific division of fees and argues that the contingency fee generated in each case should be divided between the estate and Johnson pursuant to the doctrine of quantum meruit. However, "[a] party may not recover the reasonable value of services rendered, pursuant to the doctrine of quantum meruit, when the actions for which it seeks relief were governed by an express contract." *David M. Somers & Associates, P.C.* v. *Busch*, 283 Conn. 396, 408, 927 A.2d 832 (2007). In this case, both Johnson and Poirot testified that Meo and Johnson had an agreement

that Johnson would receive two-thirds of the fees from each case.[5]

"[T]he existence of a contract is a question of fact, which we review for clear error. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . Because it is the trial court's function to weigh the evidence and determine credibility, we give great deference to its findings." (Internal quotation marks omitted.) *Dreambuilders Construction, Inc.* v. *Diamond*, 121 Conn. App. 554, 559–60, 997 A.2d 553 (2010).

The record reveals that the court credited the testimony of Johnson and Poirot. In contrast, it expressly stated that Marinos' testimony regarding Meo's fee agreement with Johnson, or alleged lack thereof, was "simply not credible." It is axiomatic that as the sole arbiter of credibility, the trial court is free to accept or reject, in whole or in part, the testimony offered by either party. See *Saye* v. *Howe*, 92 Conn. App. 638, 644, 886 A.2d 1239 (2005). The evidence presented by each party and the credibility determinations made by the court provide ample support for the court's finding that Meo and Johnson had an agreement regarding the division of attorney's fees. Therefore, we conclude that the court did not abuse its discretion when it apportioned fees in accord with that agreement, and we affirm the court's well reasoned decision.

The judgment is affirmed.

---

[5] There also was no written fee agreement between Johnson and Poirot, but both parties testified that they similarly had agreed that Johnson would receive two-thirds of any fee generated in each case.